FILED
2012 Dec-11  PM 02:41
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

NICHOLAS HOYETT and )
LASONJIA HOYETT, individuals, )
)
    Plaintiffs, )
)
v. )    Civil Action No.:
)
WINDSOR EQUITY GROUP, INC., )
a corporation; )
)
    Defendant. )

## COMPLAINT

**COME NOW** the Plaintiffs, by and through counsel, in the above styled cause, and for Plaintiffs' Complaint against the Defendant, states as follows:

1.    This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and out of state law violations and out of the invasions of Plaintiffs' personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiffs.

## JURISDICTION

2.    Personal jurisdiction exists over the Defendant as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific contacts with Plaintiffs in Alabama.

3.     Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332).

## VENUE

4.     Venue is proper as Plaintiffs live in this judicial district, the events took place in this judicial district, the Defendant Windsor, Inc. does business in this judicial district.

## PARTIES

5.     Plaintiffs Nicholas Hoyett and LaSonjia Hoyett (hereinafter "Plaintiffs") are natural persons who are residents of this judicial district, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

6.     Defendant Windsor Equity Group, Inc. ("Defendant" or "Windsor") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Alabama.  Its principal place of business is the State of Texas and it is incorporated in Texas.

## FACTUAL ALLEGATIONS

7.     Plaintiffs allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.     The debt relates to an automobile loan.

2

9.   Defendant Windsor was assigned or otherwise was collecting the debt and began harassing collection activities against Plaintiffs.

10.   Defendant Windsor demanded that Plaintiffs pay money on this debt.

11.   Defendant Windsor had Plaintiffs' "location information" when it began collection activities against Plaintiffs.

12.   Despite this, Defendant Windsor contacted third parties even though Defendant Windsor knows it is illegal to do so when it has Plaintiffs' location information.

13.   Defendant Windsor threatened to call Plaintiffs' neighbors and/or relatives.

14.   Defendant Windsor called Plaintiffs' relatives.

15.   Defendant Windsor called Plaintiffs' neighbors.

16.   Defendant Windsor misrepresented what it could and would do to Plaintiffs in connection with the debt.

17.   The collection calls and other collection activities by Defendant Windsor were deceptive, abusive, harassing, and in violation of the FDCPA and Alabama state law.

18.   Defendant Windsor threatened, harassed, and lied to Plaintiffs in connection with attempting to collect the alleged debt.

## Impact of Defendants' Harassing Conduct

19. Plaintiffs have suffered extreme upset, embarrassment, mental anguish, anxiety, physical injuries and manifestations, as well as other damages.

20. Plaintiffs have suffered and will suffer past and future emotional distress and financial loss.

## Intent of Windsor in Calling Third Parties

21. Defendant Windsor knows that one of the most effective ways to force a consumer into paying money is to illegally contact third parties.

22. The intent was to threaten and to actually contact third parties.

23. Plaintiffs never gave permission or consent to Defendant making third party disclosures.

24. Plaintiffs could not have prevented Defendant's illegal third party disclosures.

25. There was no valid reason to contact the third party or parties.

26. Defendant Windsor knows that it is illegal to contact third parties except to seek "location information."

27. Under the FDCPA, location information is limited to three, and only three items.

28. First, the Plaintiffs' home address.

29. Second, the Plaintiffs' home phone number.

4

30.  Finally, the Plaintiffs' place of employment.

31.  If a debt collector, such as the Defendant, already has the three items of location information, then it is illegal to contact a third party.

32.  Defendant had Plaintiffs' location information.

33.  The concept of abusive debt collection by contacting third parties is to contact the third parties and let them know that a debt is owed or otherwise illegally hurting Plaintiffs through discussions with third parties.

34.  This has a terrifying impact on the consumer when the consumer realizes that this voice on a phone, the collector, can invade the consumer's privacy by illegal third party contacts.

35.  Even when collectors don't reveal the debt to third parties, it is still illegal to ask third parties to pass along a message to the consumer.

36.  Consumers who receive messages from third parties, called by the collector, know that the collector is speaking with third parties.

37.  In the present case, Defendant contacted Plaintiffs' relatives, neighbors, and others.

38.  The FDCPA specifically prohibits this type of abusive conduct because the danger of harm and invasions of privacy is very high when third parties are brought into the debt collection process.

39.  Debt collectors, such as Defendant, will excuse this type of behavior.

5

40.    They will justify it with two words.

41.    "It works."

## Refusal to Give Proper Disclosures to Plaintiffs

42.    Defendant refused to give all required disclosures in its communications and refused to send the required written notice to Plaintiffs.

## Other Factual Allegations

43.    Defendant Windsor had an overall plan and scheme to use multiple forms of known harassment and other illegal conduct to bring to bear upon Plaintiffs such intense pressure and pain to force Plaintiffs to pay this debt.

44.    To this day, Defendant Windsor has not apologized to Plaintiffs verbally or in writing or by its actions.

45.    The campaign of harassment and other illegal conduct against Plaintiffs was consistent with the Defendant's policies and procedures in how to treat Alabama consumers as well as consumers across the country.

## SUMMARY

46.    All of the above-described collection communications made to third parties by Defendant and collection agents of Defendant were made in violation of numerous and multiple provisions of the FDCPA.

47.    The above-detailed conduct by the Defendant of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions

of the FDCPA, as well as an invasion of Plaintiffs' privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to the Plaintiffs.

48.   The collection calls by Defendant and its agents caused Plaintiffs enormous stress and anguish as a result of these calls.

49.   The Defendant's misconduct was designed to harm the Plaintiffs as Defendant acted with full knowledge of the damage this type of invasion of privacy will cause.

50.   Defendant was successful in its plan, scheme, design, and did in fact cause severe damages to Plaintiffs.

51.   The volume and type of collection calls and activities were harassing as the intent and motive behind them was to harass Plaintiffs into paying Defendant Windsor.

52.   Defendant's contact with third parties was an invasion of Plaintiffs' privacy and right to financial privacy.

53.   Defendant's repeated attempts to collect this debt from Plaintiffs and refusal to stop violating the law and to stop calling third parties was an invasion of Plaintiffs' privacy and Plaintiffs' right to be left alone.

54.    Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiffs and caused Plaintiffs unnecessary distress.

55.    Plaintiffs have suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, physical injuries and symptoms, as well as suffering from unjustified and abusive invasions of personal privacy, and loss of money which was due to the illegal conduct of Defendant.

## RESPONDEAT SUPERIOR LIABILITY

56.    The acts and omissions of Defendant's agents who communicated with Plaintiffs and others as more further described herein, were committed within the line and scope of their agency relationship with their principal Defendant Windsor.

57.    The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Windsor in collecting consumer debts.

58.    By committing these acts and omissions against Plaintiffs, these other debt collectors were motivated to benefit their principal the Defendant.

8

59. Defendant is therefore liable to Plaintiffs through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiffs.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

60. Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

61. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. Defendant Windsor is a debt collector under the FDCPA.

63. Defendant Windsor was assigned the debt after it was allegedly in default.

64. Defendant Windsor regularly collects debts that are in default.

65. The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiffs, including but not limited to: 15 U.S.C. §§ 1692b(1); 1692b(2); 1692b(3); 1692c(b);

1692d;   1692d(5);   1692d(6);   1692e;   1692e(2);   1692e(5);   1692e(8); 1692e(10); 1692e(11); 1692f; and 1692g.

66.     As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to actual and compensatory damages, statutory damages, and reasonable attorney's fees and costs from Defendant.

## COUNT II.

## INVASION OF PRIVACY

67.     Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

68.     State law recognizes Plaintiffs' right to be free from invasions of privacy and Defendant violated state law as described in this Complaint.

69.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

70.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions"

including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

71. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the privacy, solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

72. Defendant also intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by making illegal contact about this debt to third parties, and thereby invaded Plaintiffs' right to financial privacy.

73. Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

74. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

75.   The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, exceeds the bounds of reasonableness and resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

76.   As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

77.   All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

78.   Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

79.   Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiffs, and is thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

## COUNT IV

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

80.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

81.  Defendant had a duty, and assumed a duty, to treat Plaintiffs fairly and with reasonable care.

82.  Defendant had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiffs.

83.  Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiffs as set forth in this Complaint.

84.  Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

85.  It was foreseeable, and Defendant did in fact foresee it, the actions of Defendant would lead and did lead to the exact type of harm suffered by Plaintiffs.

86.  Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiffs as set forth in this Complaint.

13

87.  Defendant invaded the privacy of Plaintiffs as set forth in Alabama law.

88.  Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

89.  As a result of this conduct, action, and inaction of Defendant, Plaintiffs has suffered damages as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that judgment be entered against Defendant Windsor for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiffs claim more than $75,000.00), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819- T82J)**
**M. Stan Herring (ASB-1074-N72M)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiffs**

14

**PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS CAUSE.**

_____
**Attorney for Plaintiffs**

**Serve defendant via certified mail at the following address:**

Windsor Equity Group, Inc.
c/o CT Corporation System
350 North St. Paul Street, Ste 2900
Dallas, Texas 75201-4234

15